Tilghman C. J.
(After stating the case.) Lands in Pennsylvania are assets for the payment of debts. And the practice is, not to bring an action against the heir or devisee, but against' the executor or administrate!’ of the debtor; and judgment having been obtained, an execution issues, by virtue of'which the lánd in the possession of the heir' or devisee is levied on and sold. The act of assembly of 1705, directs that where no sufficient personal estate can be found, the land shall be liable to be seized and sold, and if the proceeds of the sale shall be more than sufficient to satisfy the judgment, “ then the sheriff, or' other officer j who shall make the ■“ sale, shall render the overplus to the debtor or defendant.7’ In this case the overplus was rendered to the defendant; so that the law was literally complied with. To the debtor it could not have been rendered because he was dead. The heir, though entitled to the land, was not the debtor. In paying the overplus to the administratrix, the sheriff has pursued the •usual practice: and where there are other debts of the intestate Unsatisfied, it is certainly most convenient that the money should go into the hands of the administratrix, who is answerable for it as assets. Where there are no other debts, the overplus would belong to the heir, and upon his application to the Court, and making out a proper case, the sheriff might be ordered to bring the money into Court; and when brought in, the Court would take care to dispose of it irt such a manner as to do justice to the heir, providing at the same time for the safety of creditors, if any should in future appear.
*378 It is objected that great-injury may be done to heirs by paying the surplus to- executors or administrators; who-may Prove insolvent. This is very true: and, on the other hand, great injury may be done to creditors, if the surplus get into the hands of insolvent heirs or devisees. These injuries,, however, may be prevented, by proper vigilance in the parties concerned. For thé Court will always take care, reasonable cause being shewn, that neither the heir, nor tíie executor, shall get possession of' the money without giving good security. In the present instance it does not appear, that the heir made any application to the Court, or gave notice to the sheriff not to pay to the administratrix. The sheriff then committed no breach of duty in paying the surplus to the administratrix. This was the opinion of the Court of Common •Pleas of Dauphin county, whose judgment should therefore be affirmed.
Ye ates J.
Whether the sheriff, in the present instance, has been guilty of a misapplication of the surplus money in his hands, depends on the true construction of the old act of 170S. The 7th section thereof directs that, where lands shall be sold for more than will satisfy the debts or damages, and -reasonable costs, the sheriff who shall make the sale, shall render the overplus to the debtor or defendant. The lands here were sold on judgments obtained against the administratrix of Thomas Moore. So that the case falls within the very words' of the law.
' ‘ It has however been urged, that the true meaning of this clause is, that the surplus money should be paid into the Court from whence the process issued, and be subject to their controul. My experience of the practice agrees with • what the Chief Justice has declared in Guier executor v. Kelly et ux. 2 Binn. 294.; and I fully assent to his reasoning. I presume no case can be shewn, wherein the surplus has been paid -into Court, unless upon application, where the administrator was notoriously insolvent, or the right of succession has been disputed. The law has sedulously guarded the interests of creditors and heirs from the wrongful acts of administrators. Letters of administration are not to issue, unless a bond with proper sureties has been previously given to the register. Where the sureties are insufficient, the Orphans’ Court have a power to compel better security; and in all *379 cases of probable irisolvency of tile administrator, have ample authority to enforce the performance of his trust. If the sheriff had paid over this money to the next of kin, or heir entitled to take the lands by descent, and they had become insolvent, and debts of the intestate had afterwards appeared, he would clearly be liable to those creditors. The administrator is the personál representative of the intestate.
I am of opinion that the charge of the President of the ; Court of Common Pleas was correct; and that the judgment be affirmed.
Brackenridge J. was sick and absent.
Judgment affirmed.